# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DENNIS E. DATES, | ) |
| Plaintiff, | ) |
| | ) Cause No. 2:16-cv-13 |
| vs. | ) |
| | ) |
| PULASKI COUNTY SHERIFF RICHWINE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Dennis E. Dates, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983, alleging that the conditions of confinement during his pretrial detention at the Pulaski County Jail were unconstitutional. (DE 1.) I am required to review all prisoner complaints against government officers and employees and to dismiss any that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. As explained below, Dates has failed to state a claim upon which relief can be granted, and so this action must be dismissed unless Dates files an amended complaint that states a plausible claim.

To survive screening under 28 U.S.C. § 1915A, Dates' complaint must state a claim for relief that is plausible on its face. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–3 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Id.* at 603 (internal quotation marks and citation omitted). In reviewing the complaint I must keep in mind that a *pro se* complaint is held to a less stringent standard than complaints drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Constitutional claims brought under 42 U.S.C. § 1983 require a plaintiff to allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citation omitted). Dates sues Sheriff Richwine, Nurse Doreen, and unnamed correctional officers for allegedly unconstitutional conditions at the Pulaski County Jail. Because Dates was a pretrial detainee at the time of these events, the Fourteenth Amendment applies, rather than the Eighth Amendment. *See Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). But the governing standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* (citation omitted). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

For conditions of confinement to be unconstitutional, they must be "unquestioned and serious deprivation of basic human needs" and deprive prisoners of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). At a minimum, inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *See Knight v. Wiseman*, 590

2

F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Different conditions of confinement taken together may violate an inmate's constitutional rights, even though each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

First, Dates alleges that Sheriff Richwine and Nurse Doreen allowed correctional officers to pass out medications at the jail even though officers are not qualified to do so. Even if the officers were unqualified, that alone would not be enough to state a claim because Dates has not alleged that he suffered any harm. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000). As such, Dates has failed to state plausible claims against Sheriff Richwine and Nurse Doreen.

Second, Dates alleges he was denied a complete food tray on December 13, 2015. As a threshold matter, the complaint does not identify the individual(s) involved. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). In addition, not every instance of withholding food amounts to a constitutional violation. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). Instead, the amount and duration of the deprivation must be assessed. *Id.* Missing a single meal (or part of one) is a trifle, and does not constitute a constitutional violation. *See, e.g., Peace v. Strahota*, No. 14-cv-1608, 2015 WL 3853031, *4 (E.D. Wisc. June 22, 2015); *Curiel v. Stigler*, No. 06-cv-5880, 2008 WL 904894, *5 (N.D. Ill. Mar. 31, 2008); *Woods v. Schmeltz*, No. 14-cv-1336, 2014 WL 4947340, *1 (C.D. Ill. Oct 2, 2014). This is especially true here, where Dates alleges no resulting harm from missing that meal. Accordingly, Dates has failed to allege a plausible claim for relief based upon

the denial of a complete meal on December 13, 2015.

Third, Dates complains that he (along with the other inmates housed in G Block) was not permitted to attend a religious program held at the jail on December 15, 2015. He does not say why he was not allowed to attend the program or argue that the jail's reason for denying him access was impermissible. The mere fact that Dates was not allowed to attend a religious program does not mean he has a constitutional claim. There are a number of legitimate reasons a jail can restrict inmates from exercising their religious beliefs. *See Bell*, 441 U.S. at 546-47 (recognizing that the right to exercise one's First Amendment rights may be restricted in jail in order to achieve legitimate correctional goals and to maintain institutional security.) As pleaded, the complaint fails to allege a constitutional deprivation related to the December 15, 2015 religious program.

Fourth, Dates alleges generally that he has suffered race-based discrimination while incarcerated. The problem is that the complaint does not identify the individual(s) who engaged in such discrimination or provide a factual basis for the allegation. This is problematic because to proceed on such a claim, the complaint must plausibly allege that the defendants "acted or failed to act with a nefarious discriminatory purpose, and discriminated against [the plaintiff] because of [his] membership in a definable class[.]" *McPhaul v. Bd. of Comm'rs of Madison County*, 226 F.3d 558, 564 (7th Cir. 2000) (internal citations, quotation marks, and brackets omitted. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

4

complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal brackets omitted). Thus, Dates' complaint does not state a claim based on discrimination.

Finally, the complaint purports to bring suit against several unnamed correctional officers. As a practical matter, a case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted). In addition, the complaint fails to allege any claims against these unnamed defendants. As a result, the unnamed officers must be dismissed.

For these reasons, the complaint does not state a claim against any defendant. However, because critical facts are omitted, it's not possible for me to say definitively that Davis cannot make out a plausible claim. Therefore, I will allow him to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, Dates should address any deficiencies raised in this order that can be fixed, and he should explain in his own words what happened, when it happened, where it happened, and who was involved. He may attach any supporting

5

documentation he has in his possession or can obtain related to his claims.

Accordingly:

(1) the clerk is **DIRECTED** to place this cause number on a blank 42 U.S.C. § 1983 prisoner complaint form and send it to Dates;

(2) Dates is **GRANTED** leave until May 4, 2016, to file an amended complaint; and

(3) Dates is **CAUTIONED** that if he does not file an amended complaint by the deadline, this case may be dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

ENTERED: April 6, 2016.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT
